James William COMMERS, Jr., et al., Respondents,

v.

Jeff SPARTZ, et al., Appellants.

No. 50488.

Supreme Court of Minnesota.

June 13, 1980.

Meshbesher, Singer & Spence, Minneapolis, for appellants.

Thomas Johnson, County Atty., Minneapolis, for respondents.

PER CURIAM.

The Hennepin County Board of Commissioners (hereinafter "Board") seeks review of two orders of the Hennepin County District Court directing that the respondents James William Commers, Jr. and Kim Marie Ranczka are entitled to a hearing pursuant to Minn.Stat. ch. 364 (1978) and that the county must request that hearing. We affirm.

The respondents obtained employment in the office of Commissioner John Derus by operation of a contract executed between the county and the Urban Corps. The contract contained a provision which prohibited the employees from engaging in political activity while assigned to the county. The respondents were arrested and subsequently entered pleas of guilty to the offense of misdemeanor theft in connection with the taking of political lawn signs belonging to Derus' election opponent. The employment of the respondents was terminated thereafter when the Board adopted a resolution effective March 6, 1979.

Throughout the proceedings before the Board, the respondents resisted the discharge and sought a hearing pursuant to Minn.Stat. ch. 364, the Minnesota Criminal Rehabilitation Act. Efforts to secure the appointment of a hearing examiner to conduct the investigation were unavailing, as the examiner took the position that, absent a request from the Board, it was without jurisdiction to act. The Board maintained that the respondents, as the persons aggrieved by its decision, should demand the hearing. The district court directed the Board to initiate the proceedings and this appeal followed.

The sole issue presented is whether the county is required to invoke the mechanisms of the Administrative Procedure Act upon an aggrieved party's assertion of an alleged violation of chapter 364. We agree with the district court that it must.

Chapter 364 was enacted to encourage and contribute to the rehabilitation of criminal offenders and to assist them in the resumption of the responsibilities of citizenship. Minn.Stat. § 364.01 (1978). The statutory chapter provides no specific procedural guidelines for the examination of an alleged violation and instead directs that such alleged violations are to be processed and adjudicated in accordance with the Administrative Procedure Act, Minn.Stat. §§ 15.-0411 to 15.052 (1978). Minn.Stat. § 364.06 (1978). While the statute is not perfectly clear in placing the obligation upon the county to commence the proceedings over which the hearing examiner presides, that conclusion is necessitated both as a practical matter and by an assessment of the presumed legislative intent in incorporating the provisions of the Administrative Procedure Act into chapter 364. It is only in this manner that an employee is provided with a forum for a redress of any alleged violation contemplated by the scope of chapter 364.

In so holding, we do not decide whether chapter 364 is applicable to the instant proceedings or whether a violation has occurred, since those issues are not before us at this time.

Affirmed.